## VICTOR G. PETRIN v. OLD COLONY HOMES, INC.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 72679

Memorandum filed January 14, 1947.

*Samuel Gordon,* of Stamford, for the Plaintiff.

*Cressy, Bartram, Melvin & Sherwood,* of Stamford, for the Defendant.

DALY, J. In the substituted complaint it is alleged that dur' ing the month of August, 1945, the parties entered into an agreement in writing, a copy of which, marked exhibit "A", is annexed to the complaint, "and by the terms of which the defendant agreed to erect and deliver to the plaintiff a house upon a certain plot of land situated in the Town of Stamford

for the price of EIGHTY-SEVEN HUNDRED (8700) DOL-
LARS, exclusive of finished grading and decorating, payable
FIVE HUNDRED (500) DOLLARS on the signing of the
agreement and the balance of EIGHTY-TWO HUNDRED
(8200) DOLLARS by the plaintiff executing a first mortgage
in that amount, application for which was to be made by the
plaintiff immediately." It is interesting to note that the only
description of the location appearing in exhibit "A" is as fol-
lows: ". . . attached on Lot 30, Glendale Park". It is further
alleged that "the plaintiff paid to the defendant the sum of
FIVE HUNDRED (500) DOLLARS, . . . which sum is still
retained by the defendant." It is also alleged that the defendant
has refused to carry out the agreement and has repudiated it.

The plaintiff filed an amendment to the substituted complaint
in which it is alleged in paragraph 3A that "It was further
agreed between the parties that the payments were to be made
by the lending institution in installments as the work of con-
struction progressed according to the standard practice custom-
arily employed by lending institutions in and about said Stam-
ford in such manner so that the entire amount of Eighty-two
Hundred (8200) Dollars was to be paid over to said defendant,
upon completion by it of its contract as aforesaid, all of which
terms were known to and assented and agreed to by said Kelly,
as agent aforesaid." Thereafter, upon the defendant's written
motion, it was ordered upon November 7, 1946, that the plain-
tiff file in court within ten days "a copy of such agreement
or agreements as are alleged in paragraph 3A of the Substituted
Complaint and are in writing." The plaintiff has failed to
file any written agreement in accordance with said order. There-
fore, the alleged agreements set out in paragraph 3A of the
amendment to substituted complaint cannot be treated as writ-
ten agreements.

In a substituted demurrer the defendant has demurred to
the substituted complaint as amplified and amended by exhibits
A, B, and C and by paragraph 3A of the substituted complaint
and as further amplified by plaintiff's statement in re motion
for oyer, because the Statute of Frauds requires that all material
terms of an agreement relative to the sale of real estate should
be stated in writing and be signed by the party to be charged
therewith or his agent. In the demurrer it is also stated that
the agreement alleged fails to satisfy the requirements of the
Statute of Frauds and also fails to be definite and certain

enough to constitute any kind of a contract because of the reasons stated in paragraphs 1 to 12, inclusive, of the demurrer and because of the matters pointed out in said paragraphs the agreement described in the complaint is too indefinite, vague, uncertain and incomplete to satisfy the requirements of the Statute of Frauds or to constitute an enforceable contract.

The demurrer is sustained upon all of the grounds stated therein.